UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| K.D., an adult individual,<br><br>  Plaintiff,<br><br>  v.<br><br>AARON McCURDY, et al.,<br><br>  Defendants. | CIVIL ACTION NO. 3:25-cv-00573<br><br>(SAPORITO, J.) |

## MEMORANDUM

This action commenced when the plaintiff, K.D., appearing through counsel, filed her complaint on March 31, 2025. Doc. 1.

The plaintiff is the aunt of M.R., who falsely accused K.D. of rape. In September 2022, defendant Aaron McCurdy, a caseworker employed with defendant Luzerne County Children and Youth Services ("CYS"), transmitted to the state department of human services a Form CY-48 naming K.D. as an "indicated" perpetrator of child abuse, and as a result, K.D. was placed on the Statewide Child Abuse Register, commonly known as "ChildLine." As a consequence of her placement on the ChildLine register, K.D. was terminated from her employment as a teacher, and she was unable to obtain other employment in her field as a school teacher. K.D. pursued an administrative appeal from her

designation as an "indicated" child abuser. In August 2024, an administrative law judge entered an order fully vindicating K.D., and in September 2024, K.D. was notified that the ChildLine record had been amended so that she was no longer identified as a perpetrator of child abuse.

In her complaint, K.D. alleges that the defendants[1] failed to adequately investigate M.R.'s allegations of abuse and filed the "indicated" report of abuse against K.D. without substantial evidence to support the agency findings and without a pre-deprivation hearing, in violation of her Fourteenth Amendment due process rights.[2] In particular, K.D. alleges that the defendants were aware that the complainant, M.R., had a history of significant mental health issues and of previously making false reports of abuse. Moreover, K.D. alleges that the defendants failed to interview M.R.'s grandparents, at whose home the rape was alleged to have occurred in December 2017, and that the

---

[1] In addition to CYS and McCurdy, the complaint names Heather Batchler, McCurdy's supervisor at CYS, and the municipality of Luzerne County as defendants.

[2] In addition to her § 1983 federal civil rights claims, K.D. also asserts a state-law tort claim for malicious prosecution against McCurdy and Batchler.

grandparents would have informed investigators that neither K.D. nor M.R. were present at the home at that time. Rather, K.D. alleges that the defendants' findings were based solely on a 20-minute phone interview with the complainant, M.R., with no effort to actually investigate M.R.'s allegations. K.D. further alleges that defendants CYS and Luzerne County had failed to adequately train defendants McCurdy and Batchler. In addition to the termination of her employment as a teacher and related loss of past and future earnings, K.D. alleges that she was forced to expend substantial monies seeking and obtaining expungement of her name from the child abuse registry and clearing her name, and she suffered significant mental and emotional harms as well.

  This matter is currently before the court, however, on a motion by the defendants to compel the disclosure of the plaintiff's identity. Doc. 13. Rather than disclosing her true name, the plaintiff has appeared in this action pseudonymously, using her initials "K.D." only. The motion is fully briefed and ripe for decision. *See* Doc. 14; Doc. 16; Doc. 17.

  The plaintiff has not moved for leave to proceed under a pseudonym. More importantly, even if she were to be granted leave to proceed pseudonymously, the federal rules require that, at a minimum,

her complaint must provide and be signed under her *true name*. *See* Fed. R. Civ. P. 10(a) (requiring names of parties to be disclosed in the complaint); Fed. R. Civ. P. 11 (requiring all papers filed in federal litigation to be signed by a *pro se* party personally and forbidding lying in all papers filed with the court); *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006) ("A trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name."). To the extent there is a factual and legal basis to withhold her identity or other facts from disclosure to the public, that interest may be preserved by moving the court for leave to file the complaint and other papers *under seal*. *See* Fed. R. Civ. P. 5(d). But the plaintiff here has not pursued that avenue, choosing instead to file her complaint under a pseudonym without leave of court.

"[P]roceeding under a fictitious name is an unusual measure reserved for exceptional cases." *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996). As the Third Circuit has observed:

> One of the essential qualities of a Court of Justice is that its proceedings should be public. Rule 10(a) requires parties to a lawsuit to identify themselves in their respective pleadings. Courts have explained that

> Federal Rule of Civil Procedure 10(a) illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public. Identifying the parties to the proceeding is an important dimension of publicness. . . . A plaintiff's use of a pseudonym runs afoul of the public's common law right of access to judicial proceedings.
>
> While not expressly permitted under Federal Rule of Civil Procedure 10(a), in exceptional cases courts have allowed a party to proceed anonymously. That a plaintiff may suffer embarrassment or economic harm is not enough. Instead, a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable. . . . When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interests and fear against the public's strong interest in an open litigation process.

*Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citations, internal quotation marks, and brackets omitted).

In *Megless*, the Third Circuit set forth "a non-exhaustive list of factors to be weighed both in favor of anonymity and also factors that favor the traditional rule of openness." *Id.* at 409. The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the

> litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting another source). The factors militating against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting another source). "The *Megless* factors require a fact-specific, case-by-case analysis." *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021).

Applying these factors to the instant case, we conclude that the motion should be denied, as the balance of factors favors permitting the plaintiff to proceed anonymously.

First, the plaintiff has kept the facts and nature of this case and

her claims largely to herself. Although K.D.'s identity was necessarily disclosed to *some* extent for the 24-month period when she was listed on the ChildLine registry as the perpetrator of an indicated report of child abuse, the ChildLine registry itself is not accessible to the general public like the SORNA (Megan's Law) registry. *Compare J.F. v. Dep't of Hum. Servs.*, 325 A.3d 877, 882 (Pa. Commw. Ct. 2024) ("[F]or the most part, access to Childline Registry information is limited to discrete situations involving adoptive or foster parents, where an individual's employment brings them in contact with children, or with persons licensed to provide child daycare in their residence, and the unauthorized release of such information carries possible criminal penalties."), *with Commonwealth v. Lacombe*, 234 A.3d 602, 613 (Pa. 2020) ("Not only does SORNA establish a registry of sexual offenders, but it also directs the state police to make information available to the public through the internet. The resulting website contains a feature to permit a member of the public to obtain relevant information for an offender by a query of the internet website based on search criteria including searches for any given zip code or geographic radius set by the user.") (citation, internal quotation marks, and brackets omitted). Moreover, her identity and the allegations of child

abuse lodged against her are no longer accessible to even those authorized to access the ChildLine registry, as those charges have been fully expunged and she is no longer listed on that registry. This limited disclosure of K.D.'s identity as a result of the now-expunged indicated report of child abuse is not inconsistent with maintaining confidentiality. This factor weighs in favor of anonymity.

Second, the plaintiff points to the recognized stigma that may be caused to an individual labeled or accused as a child abuser, which has been recognized by Pennsylvania federal and state courts as sufficient to merit providing anonymity to accused individuals during investigation, administrative appeals, and litigation concerning child abuse reporting and the ChildLine registry. *See, e.g.*, *Z.N. v. Cumberland Cnty. Children & Youth Servs.*, No. 1:18-1286, 2018 WL 3585085 (M.D. Pa. July 26, 2018); *A.W. v. Dep't of Hum. Servs.*, 338 A.3d 1047 (Pa. Commw. Ct. 2025) (unpublished en banc table decision); *S.F. v. Pa. Dep't of Hum. Servs.*, 298 A.3d 495 (Pa. Commw. Ct. 2023) (en banc). The potential impact of this stigma in this case is enhanced by the plaintiff's professional occupation as a teacher, and underscored by her termination from a teaching position and her inability to obtain other employment in education or

childcare during the two-year period while her administrative appeal was pending. Although the indicated report of child abuse against K.D. has been expunged, the stigma or reputational harm of such charges are likely to continue to affect her particular employment prospects if made fully public. This factor weighs in favor of anonymity.

Third, there is minimal public interest in maintaining the confidentiality of the names of perpetrators of indicated reports of child abuse. Unlike confidentiality for victims and reporters of child abuse, confidentiality for perpetrators of child abuse does not serve the public interest of preventing future child abuse. *Cf. G.V. v. Dep't of Pub. Welfare*, 91 A.3d 667, 670–71 (Pa. 2014). This factor weighs against anonymity.

Fourth, the claims here are not purely legal claims, and thus the public's interest cannot be said to be "atypically weak." The plaintiff's claims are generally fact-intensive. This factor weighs against anonymity.

Fifth, the plaintiff does not suggest that granting this motion might cause her to abandon this lawsuit, but she does argue that it was filed by the defendants for malicious and retaliatory reasons. To the extent public disclosure of the plaintiff's identity deters this plaintiff or future

plaintiffs from pursuing valid claims to preserve anonymity, such an outcome would be undesirable to the public interest. This factor weighs in favor of anonymity, but not strongly.

Sixth, there is no evidence or allegation that the plaintiff has an illegal or ulterior motive for pursuing her claims against the defendants anonymously. This factor weighs in favor of anonymity.

Turning then to the factors militating against anonymity, first "we must acknowledge the thumb on the scale that is the universal interest in favor of open judicial proceedings." *Megless*, 654 F.3d at 411. None of the parties to this case is a public figure, and the subject matter of this case does not implicate any stronger public interest beyond that which normally obtains in a civil rights action. Finally, there is no evidence or allegation to suggest that the defendants oppose anonymity for illegal or ulterior reasons.

Therefore, finding the balance of *Megless* factors weighs in favor of anonymity, the motion to compel disclosure of the plaintiff's identity will be denied. The court will, however, direct the plaintiff to file *under seal* a notice formally disclosing the plaintiff's true name. *See generally* Fed. R. Civ. P. 5.2(d); M.D. Pa. LR 5.8; M.D. Pa. LCrR 49(c)(3).

An appropriate order follows.

Dated: February 11, 2026        *s/Joseph F. Saporito, Jr.*
                                JOSEPH F. SAPORITO, JR.
                                United States District Judge